DECISION
{¶ 1} Relator, Anthony Hawley, has filed this original action requesting that this court issue a writ of mandamus ordering respondent, Ohio Adult Parole Authority ("OAPA"), to grant him a new parole hearing pursuant to the decision and entry in the case of Ankrom v. Hageman (Aug. 31, 2004), Franklin C.P. No. 01CVH02-1563. OAPA has filed a motion to dismiss.
 {¶ 2} This matter was referred to a magistrate of this court, pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals. The magistrate issued a decision, including findings of fact and conclusions of law, and recommended that this court grant OAPA's motion, which the magistrate converted to one for summary judgment, and dismiss relator's request for a writ of mandamus. (Attached as Appendix A.) No objections have been filed to that decision.
 {¶ 3} As there have been no objections filed to the magistrate's decision, and it contains no error of law or other defect on its face, based upon an independent review of the evidence, this court adopts the magistrate's decision. OAPA's motion for summary judgment is granted, and relator's request for a writ of mandamus is dismissed.
Action dismissed.
Bryant and French, JJ., concur.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
State of Ohio ex rel. Anthony Hawley, : Relator, : :
: No. 05AP-486 :
v. : :
: :
Ohio Adult Parole Authority, : Respondent. :
 MAGISTRATE'S DECISION Rendered on June 22, 2006 Anthony Hawley, pro se.
Jim Petro, Attorney General, and Kelley A. Sweeney, for respondent.
 IN MANDAMUS ON MOTION FOR SUMMARY JUDGMENT {¶ 4} Relator, Anthony Hawley, has filed this original action requesting that this court issue a writ of mandamus ordering respondent, Ohio Adult Parole Authority ("OAPA"), to grant him a new parole hearing pursuant to the August 31, 2004 decision and entry in the case of Ankrom v. Hageman, Franklin County Court of Common Pleas case No. 01CVH02-1563. Respondent has filed a motion to dismiss.
Findings of Fact:
 {¶ 5} 1. On May 18, 2005, relator filed a mandamus action in this court requesting that this court issue a writ of mandamus ordering the OAPA to grant him a new parole hearing. At the time, relator was an inmate incarcerated at the Mansfield Correctional Institution.
 {¶ 6} 2. On July 15, 2005, this magistrate issued a decision recommending that this court dismiss relator's mandamus action.
 {¶ 7} 3. On December 8, 2005, this court issued a memorandum decision remanding the matter back to the magistrate.
 {¶ 8} 4. On April 14, 2006, respondent filed a second motion to dismiss asserting that relator had been released on parole on February 7, 2006. As such, respondent asserted that relator's mandamus action was moot.
 {¶ 9} 5. By magistrate's order dated April 19, 2006, this magistrate converted respondent's motion to dismiss to a motion for summary judgment because respondent had attached additional documents to its motion to dismiss which were not previously filed as part of the record.
 {¶ 10} 6. Respondent has attached, as Exhibit A, evidence from the Ohio Department of Rehabilitation and Correction indicating that relator was released on parole on February 7, 2006.
 {¶ 11} 7. Relator has not filed a response to respondent's motion.
 {¶ 12} 8. On June 13, 2006, this matter was submitted to the magistrate on the motion for summary judgment.
Conclusions of Law:
 {¶ 13} A motion for summary judgment requires the moving party to set forth the legal and factual basis supporting the motion. To do so, the moving party must identify portions of the record which demonstrate the absence of a genuine issue of material fact. Dresher v. Burt (1996), 75 Ohio St.3d 280. Accordingly, any party moving for summary judgment must satisfy a three-prong inquiry showing: (1) that there is no genuine issue as to any material facts; (2) that the parties are entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, which conclusion is adverse to the party against whom the motion for summary judgment is made.Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64.
 {¶ 14} The documentation which respondent has attached demonstrates that relator has been released from incarceration. Because relator has been released on parole, there is no relief which respondent can provide him and his mandamus action seeking a new parole hearing has been rendered moot.
 {¶ 15} Because respondent has demonstrated that relator has been released from custody, respondent is entitled to summary judgment in its favor and relator's mandamus action seeking a new parole hearing should be dismissed.